DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Eric Krieg, appeals from the decision of the Lorain County Court of Common Pleas, denying his motion to withdraw his Alford plea prior to sentencing. We affirm.
 {¶ 2} On August 1, 2002, Defendant was indicted by the Lorain County Grand Jury in case number 00CR05643. The indictment issued for two counts of Rape, in violation of R.C. 2907.02(A)(2), and two counts of Gross Sexual Imposition, in violation of R.C.2907.05(A)(4). On February 11, 2003, a supplemental indictment was filed, indicting Defendant on two additional counts of Rape, violations of R.C. 2907.02(A)(1)(b).
 {¶ 3} On April 3, 2003, in Case No. 03CR060047, Defendant was indicted by the Lorain County Grand Jury on one count of Retaliation, a violation of 2921.05(B). In case number 03CR063327, on July 9, 2003, Defendant was indicted by the Lorain County Grand Jury. The indictment was issued for one count of Misuse of a Credit Card, a violation of 2913.21(B)(2). Case numbers 03CR060047 and 03CR063327 were consolidated with case number 00CR056243.
 {¶ 4} On September 12, 2003, Defendant entered Alford pleas to all counts of the indictments in all three cases. The court conducted an on the record hearing and accepted Defendant's plea. On December 19, 2003, Defendant filed pro se motions to withdraw the Alford plea. The trial court denied these motions.
 {¶ 5} Defendant was sentenced on January 12, 2004. In case number 00CR056243, Defendant was sentenced to two years incarceration on counts one and two, and four years incarceration on counts three through six. Defendant was also adjudicated a sexually oriented offender. In case number 02CR060047, Defendant was sentenced to two years in prison. He was sentenced to nine months in prison in case number 03CR063327. The sentences for all three cases were to be served concurrently to each other. As a result of entering the Alford pleas, Defendant was to serve an aggregate mandatory sentence of four years.
 {¶ 6} Defendant appealed, raising one assignment of error for our review.
 ASSIGNMENT OF ERROR
"The trial court erred in accepting [Defendant's] plea of guilty and in denying [Defendant's] motion to withdraw plea where [Defendant's] plea was coupled with claims of innocence and where the court had before it no testimony or evidence supporting the factual basis for the pleas and where the court failed to inquire as to the factual basis for the plea."
 {¶ 7} In his only assignment of error, Defendant argues that the trial court erred in accepting his Alford plea and in denying his motion to withdraw his plea. Specifically, he argues that the trial court failed to comply with Crim.R. 11 when it accepted his Alford pleas. We affirm the decision of the trial court.
 {¶ 8} An Alford Plea was validated in North Carolina v.Alford (1970), 400 U.S. 25, 27 L. Ed.2d 162, whereby the United States Supreme Court held that a plea of guilty may be accepted by the court despite the defendant's protestations of innocence.State v. Griggs, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 13. "An individual accused of a crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." Alford, 400 U.S. at 37.
 {¶ 9} An Alford plea is "merely a species of guilty plea[.]"State v. Carter (1997), 124 Ohio App.3d 423, 429. An Alford plea is predicated upon the defendant's desire to obtain a lesser penalty rather than risk the consequences of a jury trial. Statev. Piacella (1971), 27 Ohio St.2d 92, syllabus. In this case, without the Alford plea, Defendant could have been facing upwards of 50 years in prison.
A. Acceptance of the plea
 {¶ 10} Defendant alleges that the trial court erred in accepting his plea. A guilty plea must be "a voluntary and intelligent choice among the alternative courses of action open to the defendant." State v. Sims (May 24, 1995), 9th Dist. Nos. 16841, and 16936 at 3, quoting Alford, 400 U.S. at 31. Crim.R. 11 requires a meaningful dialogue between the court and the defendant to insure that the defendant entered his guilty plea both knowingly and intelligently. State v. Engle (1996),74 Ohio St.3d 525, 527. In interpreting and applying Alford, the Supreme Court of Ohio held:
"Where the record affirmatively discloses that: (1) defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and, (5) defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made." Piacella,27 Ohio St.2d 92, at syllabus.
 {¶ 11} In this case, the trial court conducted a hearing in which the judge questioned Defendant at length about his Alford pleas, his understanding of such pleas and the other options that were open to him. The trial court explained that without the Alford pleas, he could be facing upwards of 50 years in prison. The trial judge also told Defendant that if he did not waive trial, the prosecution would have to prove him guilty beyond a reasonable doubt.
 {¶ 12} Upon reviewing the evidence, we find that the trial court complied with Crim.R. 11. At the hearing, Defendant admitted that he was represented by competent counsel, he understood the maximum penalties and consequences of the pleas, that he knew he was waiving a jury trial, and that he understood his rights and the factual basis of the allegations against him. We find that Defendant was given a full hearing that complied with every requirement of Crim.R. 11. The trial court correctly accepted Defendant's Alford pleas.
B. Factual Basis
 {¶ 13} Defendant further contends that the trial court erred in accepting his Alford pleas because there was no factual basis for his pleas contained in the record. We disagree.
 {¶ 14} In Alford, 400 U.S. at 38, the United States Supreme Court stated that an Alford plea should not be accepted unless there is a factual basis for that plea. "Nonetheless, the court in Alford found no constitutional bar to accepting a guilty plea in the face of an assertion of innocence provided a defendant voluntarily, knowingly and understandingly consents to sentencing on a charge." State v. Post (1987),32 Ohio St.3d 380, 387, citing Alford, 400 U.S. at 37-38. "Further, no constitutional error was found in accepting a guilty plea which contained a protestation of innocence, if the defendant intelligently concludes that his interests require entry of a guilty plea and if the record before the court contains strong evidence of guilt." Id. In this case, as we established above, Defendant's Alford pleas were made knowingly, voluntarily and intelligently. Further, the trial court had a factual basis for the pleas.
 {¶ 15} In State v. Remines (Feb. 25, 1998), 9th Dist. No. 97CA006700, as in this case, the Defendant alleged that the trial court accepted his Alford plea in error because there was no presentation of a factual basis for the plea. In Remines, we upheld the judgment of the trial court denying Defendant's motion to withdraw his Alford plea finding that there was a factual basis for the plea since the trial court had before it at the plea hearing a bill of particulars presented by the prosecution pursuant to a discovery request by the defendant. Id. at 6.
 {¶ 16} In the instant case, as in Remines, the trial court had before it at the plea hearing a bill of particulars as requested by defense counsel and answers to discovery. Further, the trial court reviewed the files for each of Defendant's three cases, and had the opportunity to converse with counsel prior to the plea hearing. The information the trial court had before it provided the factual basis for Defendant's Alford pleas and his waiver of trial. Therefore, the trial court properly accepted Defendant's Alford pleas.
C. Withdrawal of the Alford Plea
 {¶ 17} Finally, Defendant claims that the trial court erred by refusing to allow him to withdraw his plea. A "motion to withdraw a guilty plea should be freely and liberally granted."State v. Xie (1992), 62 Ohio St.3d 521, 527. Nevertheless, a defendant is not given an absolute right to withdraw his guilty plea prior to sentencing. Id. at paragraph one of the syllabus.
 {¶ 18} It is within the trial court's sound discretion to determine whether there is a legitimate and reasonable basis for the withdrawal of a guilty plea, and absent an abuse of discretion, the trial court's decision on the matter must be affirmed. Remines, supra, at 3, citing Xie,62 Ohio St.3d at 527. An abuse of discretion is more than an error of judgment; it implies a decision that is "unreasonable, arbitrary, or unconscionable." State v. Adams (1980),62 Ohio St.2d 151, 157.
 {¶ 19} In this case, we do not find that the trial court abused its discretion by denying Defendant's motion to withdraw his guilty plea.
"Where a defendant (1) is represented by competent counsel, (2) is given a full hearing before entering the plea, and (3) is given a hearing on the motion to withdraw during which the court considers the defendant's arguments in support of the motion, the trial court does not abuse its discretion in denying the motion to withdraw the plea." Remines, supra, at 3, citing State v.Peterseim (1980), 68 Ohio App.2d 211, 214.
 {¶ 20} We found above that Defendant was represented by competent counsel and given a full hearing before entering his Alford pleas. Defendant was also given a full hearing regarding the withdrawal of his plea. During the hearing, the court considered Defendant's arguments in support of his motion to withdraw his pleas. Having heard Defendant's arguments and having before it his memorandum in support of his motion to withdraw his plea, the trial court made its ruling.
 {¶ 21} Based on the evidence presented and the record before us, we do not find that the trial court abused its discretion in overruling Defendant's motion to withdraw his plea. Defendant's assignment of error is overruled. We overruled Defendant's assignment of error and affirm the judgment of the Lorain County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., Boyle, J., Concur.