[Cite as *State v. King*, 2014-Ohio-4189.]

STATE OF OHIO          )                  IN THE COURT OF APPEALS
                             )ss:               NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT     )

STATE OF OHIO                           C.A. No.      27069

      Appellee

      v.                                APPEAL FROM JUDGMENT
                                     ENTERED IN THE
STEFAN D. KING                    COURT OF COMMON PLEAS
                                     COUNTY OF SUMMIT, OHIO
      Appellant                CASE No.     CR 13 01 0285

DECISION AND JOURNAL ENTRY

Dated: September 24, 2014

MOORE, Judge.

{¶1} Defendant-Appellant, Stefan D. King, appeals from the August 13, 2013 judgment entry of the Summit County Court of Common Pleas. We affirm, in part, reverse, in part, and remand for further proceedings.

I.

{¶2} Mr. King was indicted for aggravated robbery, in violation of R.C. 2911.01(A)(1), with a firearm specification pursuant to R.C. 2941.145, and having weapons while under disability, in violation of R.C. 2923.13(A)(3). Originally, he pleaded not guilty to all counts and the matter proceeded to jury trial. The jury found Mr. King guilty of having weapons while under disability, but was unable to reach a decision on aggravated robbery with a firearm specification. On the date of his retrial, Mr. King pleaded guilty to aggravated robbery, with an amended firearm specification, by way of an Alford plea.

**{¶3}** The trial court accepted Mr. King's Alford plea and sentenced him to two years of imprisonment for having weapons while under disability, to run consecutively with a mandatory one year of imprisonment for the firearm specification, to run consecutively with three years of imprisonment for aggravated robbery, for a total of six years of imprisonment. The State and Mr. King jointly recommended a sentence of six years.

**{¶4}** Mr. King appealed, raising two assignments of error for our consideration.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY ACCEPTING AN ALFORD PLEA.

**{¶5}** In his first assignment of error, Mr. King contends that the trial court committed plain error in accepting his Alford plea without first considering the State's evidence. Specifically, Mr. King argues that the trial court should not have relied upon the evidence it heard during the first trial on this matter, which resulted in a hung jury on the count of aggravated robbery with a firearm specification. Instead, Mr. King contends that the trial court should have "inquired more of the State to determine if there was any additional or different evidence that the State intended to present at trial to determine the likelihood of a conviction."

**{¶6}** In order to establish plain error:

[f]irst, there must be an error, i.e., a deviation from the legal rule. * * * Second, the error must be plain. To be 'plain' within the meaning of Crim.R. 52(B), an error must be an 'obvious' defect in the trial proceedings. * * * Third, the error must have affected 'substantial rights * * *' [to the extent that it] * * * affected the outcome of the trial.

*State v. Hardges*, 9th Dist. Summit No. 24175, 2008-Ohio-5567, ¶ 9, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). "Notice of plain error under Crim.R. 52(B) is to be taken with the

utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.

{¶7} The United States Supreme Court validated the use of Alford pleas in *North Carolina v. Alford*, 400 U.S. 25 (1970). "An Alford plea is 'merely a species of guilty plea[,]'" and "is predicated upon the defendant's desire to obtain a lesser penalty rather than risk the consequences of a jury trial." *State v. Carter*, 124 Ohio App.3d 423, 429 (1997); *State v. Krieg*, 9th Dist. Lorain No. 04CA008442, 2004-Ohio-5174, ¶ 9. In *Alford*, the Supreme Court "held that a plea of guilty may be accepted by the [trial] court despite the defendant's protestations of innocence." *Krieg* at ¶ 8, citing *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 13. The *Alford* Court found no constitutional error in accepting this type of plea if (1) the defendant intelligently concludes that his interests require entry of a guilty plea, and (2) if the record before the trial court contains strong evidence of guilt. *See Id*. at ¶ 14, quoting *State v. Post*, 32 Ohio St.3d 380, 387 (1987). As such, "[a]n individual accused of a crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *Id*. at ¶ 8, quoting *Alford*, 400 U.S. at 37.

{¶8} Here, in accepting Mr. King's Alford plea, the following exchange occurred with the trial court:

> THE COURT: Mr. King, we're back in court. I've been told that you have made a decision to accept the plea offer that has been described by the Prosecutor and about which we've spent a considerable amount of time talking earlier.
>
> Is that a decision that you have made?
>
> [MR. KING]: Yes, sir.
>
> THE COURT: What has changed between now and when we were on the record earlier on this matter, other than your mind?

[MR. KING]: I really just—I don't want to risk my life anymore. I don't want to take the chance of losing a trial and risk getting more time than six years when I could just take the six years.

THE COURT: Are you making a decision to plead guilty to this offense because you committed the offense, as you understand how the law operates?

[MR. KING]: Actually, * * * I'm doing what is best for me right now.

THE COURT: So, you believe that there's a possibility the jury would find you guilty?

[MR. KING]: Yes. Yes, sir.

THE COURT: And whether you committed the offense or not, you've weighed your options, considered the advice of your counsel, and you have come to the conclusion that entering a plea of guilty is the best course for you?

[MR. KING]: Yes, sir.

THE COURT: But you continue to maintain that you did not commit the crime of robbery?

[MR. KING]: Yes, sir.

THE COURT: Well, the Court could accept an Alford plea. An Alford plea occurs where someone maintains their innocence but decides to plead guilty. That can be done when the [c]ourt has enough facts upon which to make the conclusion that there is a substantial basis for the finding of guilty beyond a reasonable doubt.

Since this case was tried and the [c]ourt has received all those facts, the [c]ourt would accept an Alford plea under these circumstances.

The [c]ourt believes that the State did submit enough evidence that could and probably would result in a guilty verdict by a jury. So I would accept such a plea.

* * *

{¶9} As indicated above, the *same judge* who presided over the first trial also accepted Mr. King's Alford plea for aggravated robbery with a firearm specification. In his appellate brief, Mr. King failed to cite any legal authority in support of his argument that the trial court should have required the State to present additional or different evidence, other than that which was offered during the first trial, to show Mr. King's guilt. Further, although Mr. King's

assignment of error is premised upon plain error, he has failed to develop a plain error argument. *See* App.R. 16(A)(7); *see also State v. Benitez-Maranon*, 9th Dist. Summit Nos. 26461, 26659, 2014-Ohio-3575, ¶ 7. Because Mr. King has not developed an argument to support his plain error challenge, we decline to conduct a plain error analysis. *See State v. Flowers*, 9th Dist. Lorain No. 12CA010295, 2014-Ohio-3087, ¶ 16, *see also State v. Wilson,* 9th Dist. Summit No. 25100, 2011-Ohio-4072, ¶ 21.

{¶10} Therefore, based upon our review of the record, we cannot say that the trial court erred in accepting Mr. King's Alford plea when it presided over an entire trial on the same issue, and heard, first-hand, the State's evidence regarding Mr. King's involvement in the aggravated robbery with a firearm. Logic dictates that this particular trial judge was in a very good position to assess whether the record contained substantial or strong evidence of Mr. King's guilt prior to accepting his Alford plea. *See Krieg*, 2004-Ohio-5174, at ¶ 14. Additionally, prior to accepting Mr. King's Alford plea, the trial court indicated that "the State did submit enough evidence that could and probably would result in a guilty verdict by a jury."

{¶11} In his brief, Mr. King also suggests that, because the jury heard the same evidence that the trial court heard, which was insufficient to find him guilty *beyond a reasonable doubt* of aggravated robbery with a firearm specification during the first trial, the trial court should be precluded from using that same evidence to accept his Alford plea. This argument must fail because, at trial, the State must prove guilt beyond a reasonable doubt, the highest burden in our system of criminal jurisprudence. *See Jackson v. Virginia*, 443 U.S. 307, 315 (1979), ("The standard of proof beyond a reasonable doubt, said the Court, plays a vital role in the American scheme of criminal procedure, because it operates to give concrete substance to the presumption of innocence to ensure against unjust convictions, and to reduce the risk of factual error in a

criminal proceeding. At the same time by impressing upon the factfinder the need to reach a subjective state of *near certitude of the guilt* of the accused, the standard symbolizes the significance that our society attaches to the criminal sanction and thus to liberty itself.") (Emphasis added.) (Internal citations omitted.) Whereas, to properly accept an Alford plea, the trial court adhered to a lesser burden of proof: that the record contain "strong evidence of guilt." *Krieg* at ¶ 14, quoting *State v. Post*, 32 Ohio St.3d 380, 387 (1987). *See also State v. Casale*, 34 Ohio App.3d 339, 340 (8th Dist.1986), (where the Court concluded that the trial court's acceptance of an Alford plea was improper because the record was "devoid of a *basic factual framework* against which the trial court could weigh the appellant's claims of innocence against her willingness to waive trial.") (Emphasis added.)

{¶12} As such, the evidence previously submitted to the jury in Mr. King's first trial could arguably be strong enough proof of Mr. King's guilt for the purpose of accepting an Alford plea, while still falling short of proof beyond a reasonable doubt.

{¶13} Accordingly, Mr. King's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY SENTENCING [MR.] KING TO CONSECUTIVE SENTENCES IN VIOLATION OF R.C. 2929.14(C)(4).

{¶14} In his second assignment of error, Mr. King argues that the trial court erred in ordering consecutive sentences without making the findings required by R.C. 2929.14(C)(4) at the sentencing hearing. We agree.

{¶15} R.C. 2929.14(C)(4) states:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that [1] the consecutive service is necessary to protect the public from future crime or to punish the offender and [2] that

consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and [3] if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶16} Recently, in *State v. Bonnell*, Slip Opinion 2014-Ohio-3177, syllabus, the Supreme Court of Ohio stated that:

In order to impose consecutive terms of imprisonment, a trial court is *required* to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing *and* incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.

(Emphasis added.)

{¶17} Here, at the sentencing hearing, the trial court did not find, pursuant to R.C. 2929.14(C)(4), that consecutive sentences were necessary to protect the public from future crime or to punish Mr. King, or that consecutive sentences were not disproportionate to the seriousness of Mr. King's conduct and to the danger he posed to the public. Instead, the trial court voiced the following concerns about Mr. King's attitude and behavior:

* * *

I must indicate to you, Mr. King, that the conduct of yours that I heard about during the prior trial, as argued by your attorney and acknowledged by you, that you made your money selling drugs in this city and really did not seem to care about the fact that that was completely illegal and destroyed people's lives in the process, made me feel as though you really did not care that you were breaking the law.

And it's young people like that who the [c]ourt feels should serve prison sentences in order to protect the community from the results of that kind of conduct.

* * *

Further, we note that in its sentencing entry, the trial court *did* make the requisite R.C. 2929.14(C)(4) findings.

{¶18} However, based upon *Bonnell* at ¶ 29, the trial court was required to make these findings *both* at the time of sentencing and in its sentencing entry:

When imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing, and by doing so it affords notice to the offender and to defense counsel. And because a court speaks through its journal, the court should also incorporate its statutory findings into the sentencing entry. However, a word-for-word recitation of the language of the statue is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld.

(Citations omitted.) (Emphasis added.)

{¶19} Upon our review, we conclude that, because the trial court did not make the correct R.C. 2929.14(C)(4) findings *at the time of sentencing*, the imposition of consecutive sentences, in this case, is contrary to law and the matter must be remanded for resentencing. *See Bonnell* at ¶ 37.

{¶20} Accordingly, Mr. King's second assignment of error is sustained.

III.

{¶21} In overruling Mr. King's first assignment of error, and sustaining Mr. King's second assignment of error, the judgment of the Summit County Court of Common Pleas is affirmed, in part, reversed, in part, and this matter is remanded to the trial court for further proceedings consistent with this decision.

Judgment affirmed in part,
reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
CARLA MOORE
FOR THE COURT

HENSAL, P. J.
CARR, J.
CONCUR.

APPEARANCES:

SHUBHRA N. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.