[Cite as *State v. Anderson*, 2016-Ohio-7814.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | |

| STATE OF OHIO | C.A. No. 14AP0054 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ALEXANDER T. ANDERSON | WAYNE COUNTY MUNICIPAL COURT COUNTY OF WAYNE, OHIO |
| Appellant | CASE No. 2014 CR-B 000722 |

DECISION AND JOURNAL ENTRY

Dated: November 21, 2016

MOORE, Judge.

{¶1} Defendant-Appellant Alexander Anderson appeals from the judgment of the Wayne County Municipal Court. This Court affirms.

I.

{¶2} A.A., then 7 years old, and his sister, then 11 years old, were living with their father, Mr. Anderson. Mr. Anderson and the children's mother were divorced at the time and had had ongoing issues concerning custody of their children. On May 4, 2014, Mr. Anderson discovered that the cord of his children's Wii controller had been chewed. Mr. Anderson asked both the children who did it, and they both denied involvement. Eventually, A.A. confessed to damaging the controller. Mr. Anderson's daughter indicated that Mr. Anderson then "got really mad[]" and was screaming at A.A. She witnessed Mr. Anderson choke A.A. with the Wii cord and slap him across the face.

{¶3} Mr. Anderson called the school the next day and left a message reporting that he and A.A. had been wrestling over the weekend and that A.A. had some minor bumps and scrapes that were nothing to worry about.

{¶4} A.A.'s teacher was with A.A.'s class on a field trip that next day. She sat next to A.A. on the bus ride back to the school and became very concerned because she observed marks on his cheeks, neck, face, and forehead that appeared to be bruises and scratch marks. She thought one of the marks resembled a hand print. She had previously heard the voicemail from Mr. Anderson. A.A. told her the injuries happened from wrestling with Mr. Anderson.

{¶5} Upon returning to the school, A.A. went to see the school medical assistant because the teacher remained concerned given the severity of A.A.'s injuries. A.A. told the medical assistant that he got the injuries from wrestling with Mr. Anderson. The medical assistant described marks that looked like hand prints and indicated that it looked like something had been wrapped around A.A.'s neck. Due to the medical assistant's concerns, she then went and got the school guidance counselor. A.A. again told the school guidance counselor that the injuries happened while wrestling. However, when the school guidance counselor indicated that that did not look like what had happened, A.A. told her that Mr. Anderson got mad at him for having the dog in his room, choked him, put his hands around his neck, and knocked him into the door knob.

{¶6} Upon hearing this, the school guidance counselor called Wayne County Children Services ("CSB"). After meeting with A.A., the caseworker called police and implemented a safety plan. A.A., who had been living with Mr. Anderson, was then placed with his paternal grandparents. A.A. told police that Mr. Anderson had choked him with a Wii cord for having the dog in his room.

{¶7} Police questioned Mr. Anderson about the incident. Mr. Anderson indicated that A.A. had gotten in trouble for biting the Wii cord. Mr. Anderson admitted to swatting A.A. on the butt and hitting him in the butt with the side of his foot. Mr. Anderson denied choking A.A., but indicated that he did put a hand on the back of A.A.'s neck to guide A.A. to the couch so they could talk about the Wii cord. Mr. Anderson stated that after he disciplined A.A., he and A.A. were wrestling and rough housing.

{¶8} Subsequently, a complaint was filed against Mr. Anderson for one count of domestic violence. Prior to trial, the State filed a notice of its intent to request the admission of hearsay statements of A.A. pursuant to Evid.R. 807. The trial court thereafter held a competency hearing. The trial court determined A.A. to be competent but also found that A.A. had refused to testify at trial. Following the competency hearing, the trial court allowed the attorneys to present argument with respect to whether A.A.'s statements were admissible pursuant to Evid.R. 807. Ultimately, the trial court concluded that the statements to "professional teachers, counselors, medical assistants, and police officers[]" were admissible under Evid.R. 807 and issued a judgment entry with findings related to that conclusion.

{¶9} The matter proceeded to a jury trial. The jury found Mr. Anderson guilty of domestic violence and the trial court sentenced him to 24 months of community control along with certain conditions, 45 days in jail, and imposed a $250 fine and court costs. Mr. Anderson filed a motion to stay the execution of his sentence, which the trial court granted following the posting of a $500 bond plus costs.

{¶10} Mr. Anderson has appealed, raising three assignments of error for our review.

II.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY COMMENTING ON TESTIMONY OF A PROSECUTION WITNESS DEPRIVING [MR. ANDERSON] OF HIS RIGHT TO A FAIR TRIAL AS GUARANTEED BY THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATE[S'] CONSTITUTION AND ARTICLE ONE, SECTION TEN OF THE OHIO STATE CONSTITUTION.

{¶11} Mr. Anderson argues in his first assignment of error that the trial court erred in commenting on the testimony of Mr. Anderson's daughter, a witness for the prosecution. Specifically, Mr. Anderson asserts that the trial court vouched for Mr. Anderson's daughter and bolstered her credibility when the trial court addressed her at the end of her testimony and stated, "Thank you very much for your testimony * * *. You did a very nice job."

{¶12} However, we decline to address the merits of Mr. Anderson's argument because he did not object to the trial court's comments and he has failed to develop a plain error argument on appeal. *See State v. Jackson,* 9th Dist. Summit No. 27479, 2015-Ohio-5096, ¶ 51 (concluding an issue of judicial vouching was subject to plain error review); *State v. King,* 9th Dist. Summit No. 27069, 2014-Ohio-4189, ¶ 9 (declining to conduct a plain error review when the appellant failed to develop a plain error argument).

{¶13} Mr. Anderson's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ABUSED ITS DISCRETION WHEN THE COURT REFUSED TO ALLOW [MR. ANDERSON] TO PRESENT EVIDENCE OF THE HISTORY OF CUSTODY DISPUTES BETWEEN HIMSELF AND HIS EX-WIFE.

{¶14} Mr. Anderson argues in his second assignment of error that the trial court erred in refusing to allow him to present evidence about the history of the custody disputes between himself and his ex-wife.

{¶15} "The admission of evidence lies within the broad discretion of a trial court, and a reviewing court should not disturb evidentiary decisions in the absence of an abuse of discretion that has created material prejudice." *State v. Spy,* 9th Dist. Summit No. 27450, 2016-Ohio-2821, ¶ 14, quoting *State v. Noling,* 98 Ohio St.3d 44, 2002-Ohio-7044, ¶ 43. Further, "[i]t is a fundamental rule of evidence that error cannot be based on a ruling which excludes evidence unless a substantial right of the party is affected, and 'the substance of the evidence was made known to the court by offer or was apparent from the context[.]'" *State v. Barrios,* 9th Dist. Lorain No. 06CA009065, 2007-Ohio-7025, ¶ 8, quoting Evid.R. 103(A)(2).

{¶16} Mr. Anderson argues that the trial court erred in excluding evidence pertaining to the custody issues he and his ex-wife have faced because such evidence would tend to show his children's potential bias and motive to fabricate their statements. Mr. Anderson argues that *State v. Muttart*, 116 Ohio St.3d 5, 2007-Ohio-5267, ¶ 49, supports his argument that such testimony is admissible. However, *Muttart*, did not deal with the precise issue before us. *Muttart* dealt with "whether a child's out-of-court statements to medical personnel [were] admissible pursuant to Evid.R. 803(4) in the absence of a judicial determination of the competency of the child as a witness and whether the admission of those hearsay statements violated [an] appellant's Sixth Amendment rights of confrontation[.]" *Id.* at ¶ 2. In that case, the Supreme Court determined that, in determining whether a child's statement was made for the purpose of medical diagnosis or treatment, courts should examine certain factors, including "whether there [was] a motive to fabricate, such as pending legal proceeding such as a bitter custody battle." (Internal quotations

and citations omitted.)  *Id.* at ¶ 49.  Thus, in certain contexts, the Supreme Court has determined that custody disputes can be relevant factor in evaluating a child's statement.

{¶17}  On appeal, Mr. Anderson points to two incidents during the trial when he alleges such testimony was excluded.  Both occurred during direct examination of defense witnesses: Mr. Anderson and Mr. Anderson's fiancée.  During Mr. Anderson's testimony the following series of questions and answers took place:

> [Defense counsel:]  When did you two divorce?
>
> [Mr. Anderson:]  I believe it was 2009 or 2010.
>
> [Defense counsel:]  And since the time of your divorce have their [sic] issues regarding issues of custody?
>
> [Mr. Anderson:]  Yes, there has been.
>
> [Defense counsel:]  Has that been ongoing?
>
> [Mr. Anderson:]  Yes, it has.
>
> [Defense counsel:]  How many times have you been to court regarding custody?
>
> [Prosecution:]  Objection, Your Honor.
>
> [Mr. Anderson:]  Numerous times.
>
> [Trial court:]  The objection will be sustained.  This is not relevant.  We are dealing with this particular case[.]  This incident.

During the redirect examination of Mr. Anderson's fiancée, the following exchange occurred:

> [Defense counsel:]  * * *.  Are you aware of what status of any custody orders are with [Mr. Anderson's] children at this time?
>
> [Mr. Anderson's fiancée:]  Yes.
>
> [Trial court:]  That is not relevant.  We don't need to get into custody issues involving these children.

{¶18}  To the extent the trial court excluded the statement that Mr. Anderson had been to court "[n]umerous times" for custody-related issues, even if we were to conclude that the trial

court abused its discretion in failing to admit it, we can only conclude that any error was harmless. *See* Crim.R. 52(A). Prior to the trial court sustaining the objection, Mr. Anderson was able to testify that he and his ex-wife divorced in 2009 or 2010 and that the two have had ongoing custody issues. Accordingly, we cannot say that the jury not knowing that Mr. Anderson had been to court numerous times for custody issues affected Mr. Anderson's substantial rights when the jury was aware that Mr. Anderson and his ex-wife had ongoing custody issues. Crim.R. 52(A).

{¶19} To the extent that Mr. Anderson challenges the trial court's statement about the relevancy of custody issues, Mr. Anderson failed to proffer what other testimony he thought should have been admissible concerning this issue. *See Barrios,* 2007-Ohio-7025, at ¶ 8. Thus, Mr. Anderson cannot demonstrate how the exclusion of the evidence prejudiced him. *See id.*

{¶20} Mr. Anderson's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT THE TESTIMONY OF WITNESSES AS TO WHAT [A.A.] TOLD THEM WAS ADMISSIBLE PURSUANT TO EVID.[R.] 807.

{¶21} In his third assignment of error, Mr. Anderson asserts that the trial court erred in allowing A.A.'s teacher, the medical assistant, the school guidance counselor, the CSB caseworker, and the police officer to testify about what A.A. told them about the events of May 4, 2014, as such testimony was not admissible pursuant to Evid.R. 807. Mr. Anderson asserts that the trial court's finding in its pretrial Evid.R. 807 ruling that the statements provide particularized guarantees of trustworthiness was not supported by the record.

{¶22} Evid.R. 807 provides:

(A) An out-of-court statement made by a child who is under twelve years of age at the time of trial or hearing * * * describing any act of physical violence

directed against the child is not excluded as hearsay under Evid.R. 802 if all of the following apply:

(1) The court finds that the totality of the circumstances surrounding the making of the statement provides particularized guarantees of trustworthiness that make the statement at least as reliable as statements admitted pursuant to Evid.R. 803 and 804. The circumstances must establish that the child was particularly likely to be telling the truth when the statement was made and that the test of cross-examination would add little to the reliability of the statement. In making its determination of the reliability of the statement, the court shall consider all of the circumstances surrounding the making of the statement, including but not limited to spontaneity, the internal consistency of the statement, the mental state of the child, the child's motive or lack of motive to fabricate, the child's use of terminology unexpected of a child of similar age, the means by which the statement was elicited, and the lapse of time between the act and the statement. In making this determination, the court shall not consider whether there is independent proof of the * * * act of physical violence.

(2) The child's testimony is not reasonably obtainable by the proponent of the statement.

(3) There is independent proof of the * * * act of physical violence.

(4) At least ten days before the trial or hearing, a proponent of the statement has notified all other parties in writing of the content of the statement, the time and place at which the statement was made, the identity of the witness who is to testify about the statement, and the circumstances surrounding the statement that are claimed to indicate its trustworthiness.

(B) The child's testimony is "not reasonably obtainable by the proponent of the statement" under division (A)(2) of this rule only if one or more of the following apply:

(1) The child refuses to testify concerning the subject matter of the statement or claims a lack of memory of the subject matter of the statement after a person trusted by the child, in the presence of the court, urges the child to both describe the acts described by the statement and to testify.

(2) The court finds all of the following:

(a) the child is absent from the trial or hearing;

(b) the proponent of the statement has been unable to procure the child's attendance or testimony by process or other reasonable means despite a good faith effort to do so;

(c) it is probable that the proponent would be unable to procure the child's testimony or attendance if the trial or hearing were delayed for a reasonable time.

(3) The court finds both of the following:

(a) the child is unable to testify at the trial or hearing because of death or then existing physical or mental illness or infirmity;

(b) the illness or infirmity would not improve sufficiently to permit the child to testify if the trial or hearing were delayed for a reasonable time.

The proponent of the statement has not established that the child's testimony or attendance is not reasonably obtainable if the child's refusal, claim of lack of memory, inability, or absence is due to the procurement or wrongdoing of the proponent of the statement for the purpose of preventing the child from attending or testifying.

(C) The court shall make the findings required by this rule on the basis of a hearing conducted outside the presence of the jury and shall make findings of fact, on the record, as to the bases for its ruling.

{¶23} Thus, "Evid.R. 807(A) contains four elements that must be satisfied before a child's out-of-court statement regarding abuse can be admitted. Yet, the State need not satisfy the rigors of Evid.R. 807(A) if the child's statement can be admitted through a different hearsay exception." *State v. Lortz,* 9th Dist. Summit No. 23762, 2008-Ohio-3108, ¶ 20. Mr. Anderson has only challenged the first element on appeal. *See* Evid.R. 807(A)(1). The Supreme Court has held that "Evid.R. 807 contemplates that a pretrial hearing will be conducted at which time the ability of the child to testify should be addressed and an *initial* determination as to the admissibility of the child's statements should be made." (Emphasis added.) *State v. Storch,* 66 Ohio St.3d 280 (1993), paragraph two of the syllabus.

{¶24} In the instant appeal, we find it difficult to review Mr. Anderson's arguments on the merits. Mr. Anderson has not specifically pointed to the locations in the transcript where the challenged statements were admitted at trial; nor has he identified which specific statements he believes violate Evid.R. 807. *See* App.R. 16(A)(7); App.R. 12(A)(2). Additionally, Mr.

Anderson has not demonstrated that he objected to the admission of these statements at trial pursuant to Evid.R. 807. *See State v. Allen,* 9th Dist. Lorain No. 94CA005944, 1996 WL 48550, *2 (Feb. 7, 1996); *State v. Hardway,* 5th Dist. Licking Nos. 92-CA-4, 92-CA-6, 1992 WL 238440, *1 (Sept. 14, 1992). While there are occasional objections by defense counsel during some portions of some of the aforementioned witnesses' testimony, it is often difficult to discern the basis of the objection. Further, some of the objections by defense counsel seem to be based upon preventing the witness from testifying about what someone *other* than A.A. said. Given all of the foregoing circumstances, this Court concludes it is unable to properly review the merits of Mr. Anderson's argument and overrules his third assignment of error on that basis.

{¶25} Mr. Anderson's third assignment of error is overruled.

### III.

{¶26} Mr. Anderson's assignments of error are overruled. The judgment of the Wayne County Municipal Court is affirmed.

Judgment affirmed.

—————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Wayne County Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

CARR, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

NORMAN R. MILLER, JR., Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.