[Cite as *State v. Morlan*, 2024-Ohio-5296.]

STATE OF OHIO )  IN THE COURT OF APPEALS
    )ss:  NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT )

| STATE OF OHIO | C.A. No. 30947 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ROBERT MORLAN | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 22 08 2936 |

DECISION AND JOURNAL ENTRY

Dated: November 6, 2024

CARR, Judge.

{¶1} Appellant, Robert Morlan, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} This matter arises out of an incident involving Morlan that occurred at the Lakeview United Methodist Church on August 6, 2022. That morning, members of an organization called Common Threads Closet were preparing a community meal and distributing clothing, shoes, and other household items. Morlan arrived on the scene and began disrupting the organization's services. Members of the organization were familiar with Morlan and they attempted to talk to him. Ultimately, however, the efforts to communicate with Morlan were unsuccessful and the decision was made to call the police. When police arrived and asked Morlan to leave the premises, Morlan became angry and a physical altercation ensued. Morlan continued to protest as police placed him under arrest.

{¶3} The Summit County Grand Jury returned an indictment charging Morlan with one count of assault on a peace officer in violation of R.C. 2903.13(A)/(C)(5) and one count resisting arrest in violation of R.C. 2921.33(B)/(D). Morlan pleaded not guilty to the charges at arraignment. The matter proceeded to a jury trial where Morlan was found guilty of both charges. The trial court imposed a three-year term of community control.

{¶4} On appeal, Morlan raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

THE APPELLANT WAS DENIED A FAIR AND IMPARTIAL TRIAL AS REQUIRED OF ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION AND A RIGHT TO A JURY AS REQUIRED FROM THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION AND THE FOURTEENTH AMENDMENT DUE PROCESS CLAUSE OF THE U.S. CONSTITUTION WHEN THE JURORS WITH FELONY RECORDS WERE BLANKETLY DISMISSED FROM JURY DUTY[.]

{¶5} In his sole assignment of error, Morlan argues that the trial court violated his constitutional rights when it released all three prospective jurors who had felony records. This Court disagrees.

{¶6} Crim.R. 52(B) provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." To constitute plain error, the error must be obvious and have a substantial adverse impact on both the integrity of, and the public's confidence in, the judicial proceedings. *State v. Tichon*, 102 Ohio App.3d 758, 767 (9th Dist. 1995). A reviewing court must take notice of plain error only with the utmost caution, and only then to prevent a manifest miscarriage of justice. *State v. Bray*, 2004-Ohio-1067, ¶ 12 (9th Dist.). This Court may not reverse the judgment of the trial court on the basis of plain error, unless appellant has established that the outcome of the trial clearly would have been different but

for the alleged error. *State v. Kobelka*, 2001 WL 1379440, *2 (9th Dist. Nov. 7, 2001), citing *State v. Waddell*, 75 Ohio St.3d 163, 166 (1996).

{¶7} The premise of Morlan's argument is that the trial court released Prospective Juror B, Prospective Juror N, and Prospective Juror T solely on the basis that they had previously been convicted of felonies, in violation of Morlan's right to a fair and impartial jury as guaranteed by the U.S. Const., amend. VI, and Ohio Const., art. I, § 10.

{¶8} A review of the voir dire transcript reveals that, when the trial court engaged in its preliminary questioning regarding the qualifications of the prospective jurors, it learned that Prospective Juror B, Prospective Juror N, and Prospective Juror T had felony records along with other circumstances pertinent to those three individuals. The trial court subsequently indicated that it intended to release a number of prospective jurors, including Prospective Juror B, Prospective Juror N, and Prospective Juror T. Defense counsel seemingly agreed with the decision to release Prospective Juror B and Prospective Juror N. Although defense counsel stated that he "would like to leave [Prospective Juror T] on[,]" he did not raise a challenge on the basis that the release of Prospective Juror T would result in a violation of Morlan's constitutional rights. When the trial court formally stated on the record the seven prospective jurors that would be released, including Prospective Juror B, Prospective Juror N, and Prospective Juror T, defense counsel did not object.

{¶9} While Morlan argues on appeal that the dismissal of the three prospective jurors with felony records violated his constitutional rights, we note that while Morlan has a constitutional right to a fair and impartial jury, he does not have a right to have any particular juror on the panel. *State v. Murphy*, 91 Ohio St.3d 516, 525 (2001). "[A] juror's erroneous excusal does not compromise the jury's impartiality." *Id.* Furthermore, to the extent that Morlan argues

that the trial court violated his right to a fair and impartial jury, Morlan did not raise that issue below at a time that would have allowed the trial court to address the alleged error. *State v. Thomas*, 2014-Ohio-2920, ¶ 28 (9th Dist.). Accordingly, Morlan has forfeited the issue on appeal. *Id*. Although Morlan could still argue plain error on appeal, he has not done so, and we decline to construct a plain error argument on his behalf. *See State v. Anderson*, 2016-Ohio-7814, ¶ 12 (9th Dist.).

{¶10} Morlan's sole assignment of error is overruled.

III.

{¶11} Morlan's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

STEVENSON, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

ROSEL C. HURLEY, III, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.