**[Cite as *State v. Fort*, 2026-Ohio-1839.]**

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.     31481 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JULIAN FORT | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.     CR-2023-02-0457-A |

## DECISION AND JOURNAL ENTRY

Dated: May 20, 2026

CARR, Presiding Judge.

{¶1}     Appellant, Julian Robert Fort, appeals the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

{¶2}     This matter arises out of a deadly shooting that occurred in the Derby Downs area of Akron on December 22, 2022.  The Summit County Grand Jury returned an indictment charging Fort, and his co-defendant, Nathan Hendric-Vest, with a litany of offenses in relation to the incident.  Fort, specifically, was charged with one count of felony murder with a firearm specification, one count of aggravated robbery with a firearm specification, two counts of kidnapping with attendant firearm specifications, one count of obstructing justice, and one count of tampering with evidence.  Fort pleaded not guilty to the charges at arraignment.

{¶3}     A lengthy pretrial process followed. Fort and the State ultimately reached a plea agreement with an agreed sentence.  At the change-of-plea hearing, Fort pleaded guilty pursuant

to *North Carolina v. Alford*, 400 U.S. 25 (1970), to an amended count of voluntary manslaughter, with an attendant firearm specification. Fort also pleaded guilty to obstructing justice and tampering with evidence. The remaining three counts in the indictment, along with their attendant specifications, were dismissed. Pursuant to the plea agreement, the trial court sentenced Fort to 18 to 23 and a half years imprisonment.

{¶4} On appeal, Fort raises one assignment of error.

II.

**ASSIGNMENT OF ERROR**

MR. FORT'S GUILTY PLEA, ENTERED PURSUANT TO *NORTH CAROLINA V. ALFORD*, 400 U.S. 25 (1970), WAS NOT KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY MADE BECAUSE THE TRIAL COURT FAILED TO UNDERTAKE THE HEIGHTENED INQUIRY ANNOUNCED IN *ALFORD*, FAILED TO OBTAIN AN ADEQUATE FOUNDATION FOR A FINDING OF GUILT, AND FAILED TO RECEIVE A STATEMENT FROM MR. FORT AS TO WHY HE MAINTAINED HIS INNOCENCE.

{¶5} In his sole assignment of error, Fort contends that his guilty plea was not knowing, intelligent, and voluntary.

{¶6} Under the parameters of an *Alford* plea, "[a]n individual accused of a crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *North Carolina v. Alford*, 400 U.S. 25, 37 (1970). This Court has recognized "[a]n *Alford* plea is merely a species of guilty plea where the trial court accepts the guilty plea of the defendant despite the defendant's protestations of innocence." (Internal citations and quotations omitted.) *State v. Krieg*, 2004-Ohio-5174, ¶ 8-9 (9th Dist.).

{¶7} When accepting an *Alford* plea, the trial court must satisfy the requirements of Crim.R. 11, which "requires a meaningful dialogue between the court and the defendant to insure

that the defendant entered his guilty plea both knowingly and intelligently." *Krieg* at ¶ 10, citing *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). In regard to Crim.R. 11's application to an *Alford* plea, the Supreme Court of Ohio has held as follows:

> Where the record affirmatively discloses that: (1) defendant's guilty plea was not the result of coercion, deception or intimidation; (2) counsel was present at the time of the plea; (3) counsel's advice was competent in light of the circumstances surrounding the indictment; (4) the plea was made with the understanding of the nature of the charges; and, (5) defendant was motivated either by a desire to seek a lesser penalty or a fear of the consequences of a jury trial, or both, the guilty plea has been voluntarily and intelligently made.

*State v. Piacella*, 27 Ohio St.2d 92 (1971), syllabus.

{¶8} In addition to compliance with Crim.R. 11, a trial court should not accept an *Alford* plea "unless there is a factual basis for that plea." *Krieg* at ¶ 14, quoting *Alford*, 400 U.S. at 38. In *Alford*, the defendant was charged with first-degree murder, a capital offense under North Carolina law. *Alford* at 27. Despite his protestations of innocence, Alford ultimately pleaded guilty to second-degree murder, thereby limiting the maximum sentence to 30 years imprisonment. *Id*. at 28-29. With respect to the evidence presented against Alford, the Supreme Court observed as follows:

> When his plea is viewed in light of the evidence against him, which substantially negated his claim of innocence and which further provided a means by which the judge could test whether the plea was being intelligently entered, its validity cannot be seriously questioned. In view of the strong factual basis for the plea demonstrated by the State and Alford's clearly expressed desire to enter it despite his professed belief in his innocence, we hold that the trial judge did not commit constitutional error in accepting it.

(Internal citations omitted.) *Id*. at 37-38. A trial court may accept the plea if the "defendant intelligently concludes that his interests require entry of a guilty plea and [if] the record before the court contains strong evidence of actual guilt." *Id*. at 37. Therefore, a trial court accepting an *Alford* plea must, "at a minimum, inquir[e] of the defendant concerning his reasons for deciding

to plead guilty notwithstanding his protestations of innocence; it may require, in addition, inquiry concerning the state's evidence in order to determine that the likelihood of the defendant's being convicted of offenses of equal or greater magnitude than the offenses to which he is pleading guilty is great enough to warrant an intelligent decision to plead guilty." *State v. Gooch*, 1999 WL 279785, *3 (2d Dist. May 7, 1999), quoting *State v. Padgett*, 67 Ohio App.3d 332, 338-339 (2d Dist. 1990).

### Background

**{¶9}** Prior to trial, the parties reached a plea agreement and the matter was set for a change-of-plea hearing. At the outset of the hearing, defense counsel indicated that Fort hoped to plead under the *Alford* protocols. In response, the State noted that an *Alford* plea had not been discussed during the plea negotiations. Defense counsel acknowledged that there was no discussion of an *Alford* plea prior to the hearing. The trial court indicated that Fort would have the opportunity to enter an *Alford* plea, but noted that it first needed to address several issues.

**{¶10}** The trial court inquired as to why Fort wished to plead guilty if he maintained his innocence. Fort responded, "I don't know if you know the circumstances of the situation and what happened and what arose from certain actions[.] . . . I just really believe in my innocence[.]" Fort continued that "the situation may have happened or however the people are saying it happened, but I'm never going to get the chance to be able to - - [.]" The trial court interjected and stated, "Well, that's okay. An *Alford* plea is a plea that someone enters because they are still claiming they are innocent." The trial court then asked Fort if his decision was based on the fear of the consequences of a trial. Fort responded, "That's really what the case is." The trial court then asked whether Fort hoped that the plea would allow him to secure a lesser sentence than if the case was presented to a jury. Fort responded, "That as well."

{¶11} At that point, the trial court explained that the State would read a statement of facts into the record from which the trial court could make a finding of guilt. The trial court answered several questions posed by Fort regarding the mechanics of entering an *Alford* plea. At the end of that discussion, Fort reiterated his desire to enter an *Alford* plea, and defense counsel urged the trial court to accept the plea. The State asked for a brief recess to speak with the family of the victim about the *Alford* plea. After the recess, the State indicated that it had no objection to Fort entering an *Alford* plea. The parties then presented the details of the plea agreement and agreed sentence to the trial court.

{¶12} The trial court then asked the State to present a statement of facts that would support a plea under *Alford*. The State indicated Fort was responsible for escalating an incident that resulted in a deadly shooting on December 12, 2022. The incident occurred at 1000 Derby Downs Drive in Akron. Fort, Nathan Hendrix-Vest, and the victim conspired to perpetrate an assault on an individual in a car that was parked at the Derby Downs location. Fort escalated the planned assault by pulling out a firearm. In response to Fort introducing a firearm, one of the individuals in the car pulled out a gun, and proceeded to shoot and kill the victim. After hearing from the State, the trial court provided defense counsel with an opportunity to respond to the State's statement of facts, and defense counsel stated, "nothing in response to that."

{¶13} The trial court reviewed the elements of the amended charge of voluntary manslaughter with Fort to ensure that he understood the nature of the offense. Thereafter, the trial court engaged in a dialogue with Fort where it became apparent that, while Fort declined to lend credence to the State's statement of facts, Fort maintained his desire to plead guilty while maintaining his innocence. Fort again indicated that he thought an *Alford* plea was in his best interest in order to avoid the potential consequences of a jury trial and take advantage of the lesser

penalty that was secured by the plea agreement. In light of the State's statement of facts, the trial court provided Fort with another opportunity to consult with defense counsel. Fort again renewed his desire to plead guilty but maintain his innocence, pursuant to *Alford*.

{¶14} The trial court proceeded to engage in a lengthy colloquy wherein it reviewed the rights that Fort would be waiving by pleading guilty, as well as the penalties associated with the offenses and specifications pertinent to the plea agreement. When the trial court again asked if Fort wished to enter an *Alford* plea in light of the statement of facts presented by the State, Fort responded in the affirmative. Fort entered a guilty plea to each offense and specification contained in the plea agreement, and the trial court found him guilty and accepted his pleas.

Discussion

{¶15} In support of his assignment of error, Fort argues that the State's statement of facts did not provide an adequate basis to allow the trial court to make a determination as to whether there was strong evidence of guilt. Fort further claims that the trial court did not engage in a sufficient inquiry to identify his reasons for pleading guilty despite maintaining a claim of innocence. It follows, according to Fort, that the trial court failed to satisfy the "heightened inquiry" required for receiving an *Alford* plea.

{¶16} Fort's argument is without merit. Although Fort did not give notice of his intention to plead under the *Alford* protocols until the parties appeared for the plea hearing, a review of the transcript reveals that the trial court conducted a deliberate colloquy to ensure that the requirements for an *Alford* plea were satisfied. On multiple occasions, the trial court obtained a statement from Fort that his reasoning for pleading guilty while maintaining his innocence was that he wanted to avoid the consequences of a jury trial and take advantage of a lesser penalty, which in this case was secured by way of an agreed sentence. Furthermore, the State presented a statement of facts

that supported the trial court's finding of guilt under *Alford*. After the State presented its statement of facts, the trial court asked Fort if he understood that he could be found guilty, and Fort answered in the affirmative. As stated previously, Fort expressed an unequivocal desire to take advantage of the lesser penalty by entering into the plea agreement. Fort's decision makes sense given that the statement of facts presented by the State laid out a clear case for felony murder, which would have carried an indefinite prison sentence of 15 years to life for that crime alone. R.C. 2929.02(B). Accordingly, the statement of facts presented here "substantially negated [Fort's] claim of innocence and [] further provided a means by which the judge could test whether the plea was being intelligently entered[.]" *Alford*, 400 U.S. at 38. Under these circumstances, we cannot say that the trial court failed to satisfy the requirements for accepting an *Alford* plea.

{¶17} Fort's assignment of error is overruled.

III.

{¶18} Fort's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

STEVENSON, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

MICHAEL A. PARTLOW, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.