DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Erie County Court of Common Pleas which, pursuant to a negotiated plea agreement, found appellant guilty of one count of felonious assault with a firearm specification. At sentencing, the court denied appellant's Crim. R. 32.1 motion to withdraw the plea, and sentenced appellant to a *Page 2 
nine-year term of incarceration. For all of the reasons set forth below, this court affirms the judgment of the trial court.
 {¶ 2} Appellant, Alonzo Bonner, sets forth the following four assignments of error:
 {¶ 3} "NO. 1. WHEN DEFENSE COUNSEL FILES A MOTION TO WITHDRAW DEFENDANT'S PLEA PURSUANT TO CRIM.R. 32.1 THE TRIAL COURT COMMITS PREJUDICIAL ERROR, ABUSES ITS DISCRETION AND COMPOUNDS INEFFECTIVE ASSISTANCE OF COUNSEL BY ALLOWING THE DEFENDANT TO REPRESENT HIMSELF IN THE MOTION HEARING WITHOUT FIRST ADDRESSING THE DEFENDANT PURSUANT TO CRIM.R. 44 AND OBTAINING A WAIVER OF COUNSEL IN WRITING.
 {¶ 4} "NO. 2. THE TRIAL COURT ERRED, AND ABUSED ITS DISCRETION BY NOT GIVING DEFENDANT A MEANINGFUL HEARING ON DEFENDANT'S MOTION TO WITHDRAW HIS PLEA PURSUANT TO CRIM.R. 32.1.
 {¶ 5} "NO. 3. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR, ABUSED ITS DISCRETION AND COMPOUNDED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN THE COURT RAISED THE ISSUE OF DEFENDANT'S COMPETENCE AND FAILED TO REFER DEFENDANT FOR A COMPETENCY EVALUATION.
 {¶ 6} "NO. 4. THE TRIAL COURT COMMITTED PREJUDICIAL ERROR, ABUSED ITS DISCRETION WHEN THE COURT FAILED TO ADEQUATELY *Page 3 
INQUIRE INTO THE EFFECTIVENESS AND ADEQUACY OF ASSIGNED COUNSEL WHEN THE DEFENDANT RAISED COUNSEL'S EFFECTIVENESS."
 {¶ 7} The following undisputed facts are relevant to the issues raised on appeal. On August 8, 2007, appellant was indicted on one count of attempted murder, in violation of R.C. 2923.02(A), a first-degree felony, one count of felonious assault with a firearm specification, in violation of R.C. 2903.11(A)(2), a second-degree felony, one count of having a weapon while under disability, in violation of R.C. 2923.13(A)(3), a third-degree felony, and one count of vandalism, in violation of R.C. 2909.05(B)(1)(a), a fifth-degree felony.
 {¶ 8} On January 15, 2008, pursuant to a negotiated plea agreement, appellant pled guilty to the felonious assault with a firearm specification. In exchange, the three remaining felony charges were dismissed. In addition, the state simultaneously agreed not to pursue several other potential charges against appellant.
 {¶ 9} A fundamental premise of appellant's case is that he was acting either on a pro se or hybrid representation basis during portions of the proceedings below. Specifically, appellant contends that he was acting on either a pro se or hybrid representation basis during his sentencing hearing, at the onset of which his counsel filed a Crim. R. 32.1 motion on his behalf. The court entertained the motion, denied it, and proceeded to sentencing.
 {¶ 10} The transcript of the underlying change of plea hearing establishes that the requisite colloquy was thorough and precise. The transcript of the hearing further *Page 4 
evidences no conduct or statement by appellant during the hearing arguably reflecting the plea not to be knowing, intelligent, and voluntary.
 {¶ 11} On January 24, 2008, at 8:59 a.m., approximately one minute prior to the imposition of a sentence whose terms were voluntarily agreed upon by the parties, counsel for appellant filed a Crim. R. 32.1 motion to withdraw plea on his client's behalf.
 {¶ 12} The record shows that counsel for appellant clearly conveyed to the court that despite multiple post-plea conversations with his client he was unable to understand the nature of his client's now claimed confusion and misunderstanding. As such, it was determined to have appellant directly describe the nature of his claimed confusion and misunderstanding to the court in order to determine whether the proffered basis for the Crim. R. 32.1 motion was sufficient to permit a discretionary withdrawal of plea.
 {¶ 13} The record shows that appellant's proffered explanation was wholly generic and constituted a blanket denial of any understanding of anything during the change of plea hearing. Given this sweeping representation by appellant, the trial court replayed the hearing in open court. Finding that the tape unambiguously reflected no lack of understanding whatsoever on the part of appellant, the trial court denied the motion and imposed the previously agreed upon sentence. Timely notice of appeal was filed.
 {¶ 14} Appellant's first two assignments of error are analytically linked and will be considered simultaneously. Both assignments assert that the trial court abused its discretion in its handling of appellant's Crim. R. 32.1 motion hearing. Appellant contends that the hearing was prejudicial due to the court's purported handling of appellant's *Page 5 
motion on a pro se basis and the court's purported failure to conduct a meaningful hearing.
 {¶ 15} The court's conduct in handling the disputed motion hearing falls within the purview of trial court discretion and is therefore reviewed pursuant to the abuse of discretion standard. An abuse of discretion connotes more than a mere error of law or judgment. It requires evidence to support a finding that the trial court's action was unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 16} We have carefully scrutinized the transcripts of the hearings paying particular attention to appellant's contention that he was representing himself on a pro se or hybrid basis during the motion to withdraw and sentencing hearing. We note that all transcripts of all proceedings from below clearly demonstrate that appellant received legal representation throughout the course of the case. Despite repeated claims to the contrary, there is nothing in the record in support of the notion that appellant acted on a pro se or hybrid representation basis for any portion of the case.
 {¶ 17} As such, there simply was no applicable Crim. R. 44 written waiver of counsel requirement relevant to this case. The record shows that counsel was present with appellant during the hearings, counsel was making tactical decisions, and counsel was representing appellant throughout the case. Evaluations and decisions by counsel that may be contrary to appellant's assessment of the merits of his case do not operate to render appellant a pro se defendant. *Page 6 
 {¶ 18} With respect to the Crim. R. 32.1 hearing, the record clearly shows that appellant was furnished a full and fair hearing. Appellant was permitted without any infringement to fully describe the nature of his claimed confusion or misunderstanding. Appellant simply stated that he understood, "none of it." We note that the transcript of the change of plea hearing wholly belies this assertion. On the contrary, the record reflects appellant's understanding throughout the proceedings.
 {¶ 19} The record further demonstrates that appellant was not acting on a pro se or hybrid representation basis. As such, appellant was not subject to a Crim. R. 44 written waiver of counsel requirement. The record demonstrates that the trial court conducted a full and thorough Crim. R. 32.1 hearing.
 {¶ 20} The trial court heard from appellant's counsel, heard from appellant, replayed the tape of the change of plea hearing in open court, and properly determined that appellant's plea was knowing, intelligent and voluntary. Appellant's first two assignments of error are found not well-taken.
 {¶ 21} In appellant's third assignment of error, he contends that the trial court abused its discretion in failing to refer appellant for a competency evaluation. The record shows that this assignment is premised upon an unsupported statement of appellant to the court in which he claimed that he had been deemed mentally incompetent.
 {¶ 22} In actuality, the record reflects that appellant had received psychiatric treatment at the former Charter Hospital in Maumee approximately ten years prior to the indictments at issue in this case. At that time, appellant was approximately ten years old. Appellant misconstrues and misstates the receipt of adolescent psychiatric treatment a *Page 7 
decade ago to equate an official determination of legal incompetency for criminal prosecution purposes. That representation does not conform to the record of evidence.
 {¶ 23} Significantly, the transcript of the colloquy during the change of plea hearing clearly refutes appellant's claims of compromised legal competency. The transcript reflects that appellant clearly understood the proceedings, his rights, and voluntarily entered a plea to one of the four pending felony charges against him in exchange for the remaining three felonies being dismissed. In fact, the transcript reflects that the trial court undertook precise and thorough efforts to ensure that defendant comprehended and concurred in every aspect of the process. Appellant's third assignment of error is not well-taken.
 {¶ 24} In appellant's fourth assignment of error, he contends that the trial court abused its discretion in allegedly failing to respond adequately to appellant's unsupported claim at his Crim. R. 32.1 motion hearing that his attorney had "lied" to him. This contention ties in to appellant's repeated allegations throughout his appeal that he received ineffective assistance of counsel.
 {¶ 25} To prevail on a claim of ineffective assistance of counsel, an appellant must demonstrate that counsel's conduct was so deficient as to undermine the proper functioning of the adversarial process and that the trial court cannot be relied upon as having produced a just result.Strickland v. Washington (1984), 466 U.S. 668, 686.
 {¶ 26} The standard of proof to warrant a finding of ineffective assistance of counsel requires that appellant satisfy a two-pronged test. First, appellant must establish that counsel's representation fell below an objective standard of reasonableness. Second, *Page 8 
appellant must establish by a reasonable probability that, but for counsel's perceived errors, the results of the proceeding would have been different. Id. In conjunction with this, it is well established that this burden of proof is particularly high given the presumption that a properly licensed attorney is competent. State v. Hamblin (1988),37 Ohio St.3d 153, 156.
 {¶ 27} We have carefully reviewed the record evidence for any indicia that appellant's counsel did not comport himself in an objectively reasonable fashion and that the outcome of the case would have been different but for any such claimed substandard representation issues. Beyond appellant's own unsupported conclusions that his counsel was ineffective, the record is devoid of any objective or persuasive evidence in support of same. Appellant's fourth assignment of error is found not well-taken.
 {¶ 28} On consideration whereof, we find that the proceedings below did not prejudice appellant, the trial court did not abuse its discretion, and appellant did not receive pro se, hybrid, or ineffective representation of counsel. The judgment of the Erie County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4. *Page 9 
Peter M. Handwork, J., Mark L. Pietrykowski, J., Thomas J. Osowik, J., CONCUR. *Page 1