[Cite as *State v. Cruse*, 2019-Ohio-1223.]

STATE OF OHIO         )                  IN THE COURT OF APPEALS
                        )ss:              NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT    )

STATE OF OHIO                        C.A. No.      29140

      Appellee

      v.                             APPEAL FROM JUDGMENT
                                   ENTERED IN THE
JOHN WILLIAM CRUSE           COURT OF COMMON PLEAS
                                 COUNTY OF SUMMIT, OHIO
      Appellant                  CASE No.     CR-2018-04-1301

DECISION AND JOURNAL ENTRY

Dated: April 3, 2019

HENSAL, Judge.

{¶1} John Cruse appeals a judgment of the Summit County Court of Common Pleas that denied his motion to withdraw his *Alford* plea. For the following reasons, this Court affirms.

I.

{¶2} During the early morning hours of June 5, 2017, a fire started on the back porch of a house in Akron. After the fire was extinguished, a bottle of lighter fluid was discovered in the backyard that had not been there when the residents of the house went to bed. The lighter fluid was consistent with fluid found on the porch. DNA recovered from the bottle matched Mr. Cruse, who used to date one of the women living in the house.

{¶3} The Grand Jury indicted Mr. Cruse on two counts of aggravated arson. At the beginning of the second day of his trial, Mr. Cruse entered an *Alford* plea, alleging that he would never be able to prove that he did not touch the bottle of lighter fluid. He also explained that he would rather be in prison than in society and that it would only postpone the inevitable to finish

the trial. He further expressed skepticism about whether the jury would actually require the State to prove his guilt beyond a reasonable doubt. The trial court accepted his plea, released the jury, and scheduled Mr. Cruse's sentencing for the afternoon.

{¶4}   At sentencing, Mr. Cruse continued to assert that he had not committed the offenses. Mr. Cruse's attorney, therefore, moved to withdraw Mr. Cruse's plea during a sidebar, arguing that he was not satisfied that Mr. Cruse wanted to go through with his plea. The State opposed the motion because nothing had changed since the morning. Mr. Cruse's attorney responded that the State had used Mr. Cruse's continued assertion of innocence against him when it argued that he should receive the maximum sentence, in part, because he had refused to take responsibility for his actions. The trial court found that nothing had changed regarding Mr. Cruse's claim of innocence and that Mr. Cruse, himself, had not indicated that his feelings about his plea had changed. It, therefore, refused to allow Mr. Cruse to withdraw his plea. Mr. Cruse then spoke regarding his sentence and again asked to withdraw his plea, claiming that he only entered it because he believed he would not be able to prove his innocence and did not believe that any jury would acquit him when only his DNA was on the lighter fluid bottle. Following his statements, the trial court addressed Mr. Cruse's renewed motion to withdraw. It stated that Mr. Cruse had to show something more than a change of mind. It found that the State would be prejudiced by the withdrawal. It also found that Mr. Cruse had had excellent representation, that the plea hearing was very detailed, and that Mr. Cruse had understood the nature of the charges and the potential sentence. It, therefore, denied his motion to withdraw. The court proceeded to sentence Mr. Cruse to eight years imprisonment. Mr. Cruse has appealed, assigning as error that the trial court denied his right to due process and a fair trial.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT DENIED CRUSE HIS RIGHTS OF DUE PROCESS AND A FAIR TRIAL, IN VIOLATION OF THE FIFTH, SIX[TH], AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTIONS 1, 10 AND 16, OF THE OHIO CONSTITUTION.

{¶5} Mr. Cruse argues that the trial court should have allowed him to withdraw his plea. The Ohio Supreme Court has advised that motions to withdraw guilty pleas that occur before sentencing "should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). Nevertheless, a defendant does not have an absolute right to withdraw a guilty plea before sentencing. *Id.* at paragraph one of the syllabus. It is the defendant's burden to provide a reasonable and legitimate reason justifying withdrawal of the guilty plea. *State v. West*, 9th Dist. Lorain No. 04CA008554, 2005-Ohio-990, ¶ 21. The trial court has discretion to grant or deny the motion. *Xie* at paragraph two of the syllabus. We review the court's decision for an abuse of that discretion. *State v. Krieg*, 9th Dist. Lorain No. 04CA008442, 2004-Ohio-5174, ¶ 18. "An abuse of discretion is more than an error of judgment; it implies a decision that is 'unreasonable, arbitrary, or unconscionable.'" *Id.*, quoting *State v. Adams*, 62 Ohio St.2d 151, 157 (1980).

{¶6} This Court has held that, if "a defendant (1) is represented by competent counsel, (2) is given a full hearing before entering the plea, and (3) is given a hearing on the motion to withdraw during which the court considers the defendant's arguments in support of the motion, the trial court does not abuse its discretion in denying the motion to withdraw the plea." *State v. Remines*, 9th Dist. Lorain No. 97CA006700, 1998 WL 103350, *2 (Feb. 25, 1998). Upon review of the record, we conclude that those circumstances occurred in this case. The trial court found that Mr. Cruse's counsel's performance was exceptional, which Mr. Cruse does not

contest. The court also afforded Mr. Cruse a full hearing on his request to enter an *Alford* plea, which Mr. Cruse also has not contested.

{¶7} Mr. Cruse does challenge whether the court afforded him a hearing on his motions to withdraw, arguing that the court did not do any sort of inquiry into the legitimacy of the requests. We note, however, that the parties were in open court at the time of Mr. Cruse's motions. Both Mr. Cruse and his attorney had an opportunity to explain to the court why they thought Mr. Cruse should be allowed to withdraw his plea. Following both the attorney's motion and Mr. Cruse's motion, the court considered their arguments and explained why it was denying them. We, therefore, conclude that Mr. Cruse was given a hearing on his motions to withdraw in which the court considered the arguments in support of the motions. Accordingly, we conclude that the trial court did not abuse its discretion when it refused to allow Mr. Cruse to withdraw his plea. Mr. Cruse's assignment of error is overruled.

III.

{¶8} Mr. Cruse's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

CALLAHAN, P. J.
CARR, J.
CONCUR.

APPEARANCES:

JEREMY A. VEILLETTE, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.