[Cite as *State v. Long*, 2022-Ohio-3096.]

STATE OF OHIO      )              IN THE COURT OF APPEALS
                            )ss:        NINTH JUDICIAL DISTRICT
COUNTY OF LORAIN    )

STATE OF OHIO                      C.A. No.     21CA011804

      Appellee

      v.                            APPEAL FROM JUDGMENT
                                  ENTERED IN THE
CHRISTOPHER LONG          COURT OF COMMON PLEAS
                                  COUNTY OF LORAIN, OHIO
      Appellant               CASE No.    20CR103067

DECISION AND JOURNAL ENTRY

Dated: September 6, 2022

CARR, Judge.

{¶1} Defendant-Appellant Christopher Long appeals from the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} In September 2020, an indictment was filed charging Long with one count of attempted murder, two counts of kidnapping, two counts of felonious assault, one count of having weapons while under disability, one count of obstructing official business, and one count of aggravated menacing. Specifications accompanied several of the charges.

{¶3} Ultimately, a plea agreement was reached. In exchange for his guilty plea, the first three counts were dismissed as well as the specifications accompanying the two felonious assault charges. It was agreed that the felonious assault counts and the aggravated menacing charge were allied offenses and that the State would proceed to sentencing on count four. The sentence would be two to three years. In addition, Long wished to be released for approximately four weeks

following sentencing before he had to report for his prison sentence. The trial court informed Long prior to accepting the plea that if Long "picke[ed] up a new offense or [he] fail[ed] to show up for [his] report date * * * this two-year deal is off the table." The trial court reiterated this again before accepting Long's plea. He reminded Long that the two-year sentence was conditioned on Long reporting on time, not getting new charges, and the trial court not receiving any additional adverse information.

{¶4} The trial court accepted Long's guilty plea and proceeded to sentencing. The trial court imposed a sentence of two to three years on count four, 24 months on count six, and 12 months on count seven. The trial court then stated:

> Now, if Mr. Long does all of the things that I'm requiring of him, if I let him out pending his report date, I will run all of those sentences concurrent to each other for a two to three-year sentence. If there's any problems down the road, which we'll talk about one more time, it is possible I will increase those sentences and run them consecutive to each other.

{¶5} The trial court gave Long a report date of September 17, 2021. The trial court again reiterated the conditions to Long and reminded him that the sentence would not be finalized until Long reported. The trial court told Long that if he did not show up, the trial court would not hesitate to impose a sentence in the range of 11 to 12 years. No sentencing entry was filed at that time, although the trial court did file an entry indicating that Long had been given a proposed sentence and a report date.

{¶6} On September 2, 2021, Long was charged with multiple offenses including kidnapping, burglary, unlawful restraint, and aggravated menacing. Long was arrested the next day. During the course of the arrest, Long allegedly assaulted a number of police officers and damaged a police cruiser. On September 9, 2021, the trial court held another hearing.

{¶7} The trial court stated that it believed it had "jurisdiction to reimpose a different sentence, based upon these turns of events that have occurred." The State then stated that, based upon the alleged new crimes, it no longer believed a minimum sentence was appropriate. In response, Long stated, "Of course you wouldn't. Of course you wouldn't now." The trial court reiterated that it believed it had jurisdiction to sentence Long anew and disregard the original sentence. The State agreed with the trial court's assessment.

{¶8} Defense counsel then indicated that Long wished to withdraw his plea. Defense counsel informed the trial court that Long felt pressured into taking the plea and that he was actually innocent. Long then spoke and indicated that he wanted to withdraw his plea because defense counsel misinformed Long about the total time he could be sent to prison and because defense counsel told Long that the jury would be an all-white jury and that any black jurors would be ex-police officers. Long then told the trial court that these issues were not brought to the trial court sooner because Long could not get in touch with his attorney.

{¶9} The trial court concluded that Long had not demonstrated a sufficient basis to withdraw his plea irrespective of the standard applied. The trial court denied the motion and proceeded to sentence Long. The trial court imposed a sentence of 8 to 12 years on count four, 24 months on count six, and 12 months on count seven. The trial court ordered counts four and six to run consecutively for an aggregate sentence of 10 to 12 years.

{¶10} Long has appealed, raising three assignments of error for our review.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRONEOUSLY APPLIED OHIO CRIM.R. 31.1
INSTEAD OF OHIO CRIM.R. 32.1 IN DECIDING APPELLANT'S MOTION
TO WITHDRAW PLEA[.]

**{¶11}** Long argues in his first assignment of error that the trial court erred in applying the wrong standard in ruling on Long's motion to withdraw his guilty plea. Long essentially asserts that the trial court should have applied the presentence standard as opposed to the post-sentence standard.

**{¶12}** While Long mentions Crim.R. 31.1, there is no such rule. It appears the trial court misspoke when it briefly referenced it during the September 9, 2021 hearing. Accordingly, the discussion will focus on Crim.R. 32.1.

**{¶13}** Crim.R. 32.1 provides that "[a] motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." "An appellate court reviews a trial court's order denying a motion to withdraw a guilty plea for an abuse of discretion." *State v. West*, 9th Dist. Lorain No. 17CA011110, 2018-Ohio-1176, ¶ 6, quoting *State v. Robinson*, 9th Dist. Summit No. 28065, 2016-Ohio-8444, ¶ 9.

**{¶14}** "[M]otions filed before sentencing should be granted 'freely and liberally.'" *State v. Myers*, 9th Dist. Wayne No. 19AP0039, 2020-Ohio-4420, ¶ 6, quoting *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). In such cases, "[a] trial court must conduct a hearing to determine whether the defendant has demonstrated a reasonable and legitimate basis to withdraw the plea, but it is within the trial court's discretion to determine the nature and scope of that hearing." (Internal quotations and citations omitted.) *Myers* at ¶ 6.

**{¶15}** However, "[a] defendant filing a post-sentence motion to withdraw a guilty plea 'has the burden of establishing the existence of manifest injustice.'" *Robinson* at ¶ 11, quoting *State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph one of the syllabus. "[A] hearing on a post-sentence motion to withdraw a plea is not always required." *West* at ¶ 6.

**{¶16}** In the instant appeal, as discussed above, Long entered his oral motion to withdraw his plea at the September 9, 2021 hearing. This hearing would be the second time Long was sentenced. At the time of the September 9, 2021 hearing, Long had already received a sentence the same day he entered his plea. However, the trial court allowed Long to be released from custody for a few weeks and gave him a date to report. The trial court informed Long that it would not journalize the sentence until Long reported and would only journalize the two to three-year sentence if Long met certain conditions, including not receiving additional charges. In the interim, Long did receive interim charges. Those charges resulted in the trial court bringing Long back into court for the September 9, 2021 hearing. At that hearing, the trial court informed Long that the trial court planned to sentence Long anew given the circumstances, and the State indicated it no longer believed a minimum sentence was appropriate. Only then did Long move to withdraw his plea. After a discussion with Long as to his reasons for wanting to withdraw his plea, the trial court then stated the following:

> Okay. The Court will give the parties the standard of review, Criminal Rule – this is Criminal Rule 32.1. Please indulge me for a moment. I will try to make this as brief as possible, and I will eliminate the majority of the cites. Provides in pertinent part that a motion to withdraw a plea of guilty may be made only before sentence is imposed. The general rule is that such motions should be free and liberally granted. That the *State v. Xie* case counsel referred to, 62 Ohio St.3d 521. While the defendant does not have an absolute right to withdraw a guilty plea prior to sentencing, the court must conduct a hearing to ascertain whether the motion has a reasonable and legitimate basis.

> The Court is aware of a series of cases discussed in the Ninth District case *State v. Ross*, which is 2013-Ohio-320 – 3220, that stand for the proposition that a motion to withdraw a guilty plea made after the sentence is pronounced, but before a judgment entry is entered is reviewed under the more restrictive standard found in Criminal Rule 3[2].1, that requires a finding of manifest injustice. Also stating – citing Ninth District Court State case *State v. Gordon*, 2011-Ohio-1045. In [*Gordon*] the Ninth District favorably cited [*McComb*], a Second District case, that discussed the policy reasons between having different standards of motions to withdraw.

The Court concluded – the Ninth District concluded in *State v. West*, 2018-Ohio-1176, that because it would implicate policy concerns discussed in [*McComb*] and [*Gordon*], while technically occurring before sentencing, a motion made after learning of the imminent sentence is considered to be filed after sentencing.

So in addition to this Court applying a higher standard, even if the Court applied a lower standard of a presentence motion, Mr. Long has not articulated sufficient or even actionable – even colorable reasons to withdraw his plea. The motion is denied.

{¶17} Long's argument on appeal is that the trial court should have applied the presentence standard as opposed to the post-sentence standard in ruling on the motion to withdraw. Long's argument fails because the record is clear that the trial court determined that Long did not satisfy either standard. Long has accordingly not demonstrated that the trial court erred.

{¶18} Long's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

APPELLANT WAS DENIED HIS RIGHT TO DUE PROCESS AND OF ASSISTANCE OF COUNSEL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS [TO] THE UNITED STATES CONSTITUTION AND ARTICLE 1, SECTIONS 10 AND 16 OF OHIO CONSTITUTION BECAUSE HIS TRIAL COUNSEL PROVIDED INEFFECTIVE ASSISTANCE.

{¶19} Long argues in his second assignment of error that his trial counsel was ineffective. On appeal, Long asserts that statements he made at the September 9, 2021 sentencing hearing evidence trial counsel's ineffectiveness.

{¶20} In order to prevail on a claim of ineffective assistance of counsel, Long must show that "counsel's performance fell below an objective standard of reasonableness and that prejudice arose from counsel's performance." *State v. Reynolds*, 80 Ohio St.3d 670, 674 (1998), citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*

at 686. Thus, a two-prong test is necessary to examine such claims. First, Long must show that counsel's performance was objectively deficient by producing evidence that counsel acted unreasonably. *State v. Keith*, 79 Ohio St.3d 514, 534 (1997), citing *Strickland* at 687. Second, Long must demonstrate that but for counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. *Strickland* at 694. This Court need not address both prongs of the *Strickland* test if the appellant fails to satisfy either prong. *State v. Ray*, 9th Dist. Summit No. 22459, 2005-Ohio-4941, ¶ 10.

{¶21} Long essentially asserts that his trial counsel was ineffective by pressuring Long into pleading guilty by allegedly informing Long that he would not receive a fair trial due to "racial animus[,]" by misinforming Long of his potential prison sentence, and by not answering Long's calls following the plea. However, Long has not provided any support for his claims aside from his own statements at the September 9, 2021 hearing; statements that were made after Long learned that the State no longer believed a minimum prison sentence was appropriate and that the trial court planned to sentence Long anew. Long points to trial counsel's silence after Long made his allegations as supporting Long's position that trial counsel was ineffective. Undoubtedly, Long's claims put trial counsel in an awkward position. Given the situation, trial counsel's silence could have just as likely been a strategic decision designed to protect the best interests of Long. We are mindful that the trial court, prior to accepting Long's plea, questioned Long as to whether anyone had threatened Long in order to secure his guilty plea and asked Long whether anyone had promised him anything or made any representations other than those that were discussed at the hearing. Long responded in the negative to both questions. Long also expressed that he was satisfied with his trial counsel's representation. We cannot say that Long has met his burden to demonstrate that he received ineffective assistance. *See State v. Bonner*, 6th Dist. Erie No. E-08-

011, 2009-Ohio-2157, ¶ 27 ("Beyond appellant's own unsupported conclusions that his counsel was ineffective, the record is devoid of any objective or persuasive evidence in support of same.").

**{¶22}** Long's second assignment of error is overruled.

### ASSIGNMENT OF ERROR III

THE TRIAL COURT ERRED IN SENTENCING THE APPELLANT TO TWO CONSECUTIVE SENTENCES WHICH WERE IMPROPERLY IMPOSED AND NOT IN ACCORDANCE WITH THE FACTORS DESCRIBED IN R.C. []2929.14(C)(4).

**{¶23}** Long appears to argue in his third assignment of error that the trial court erred in imposing consecutive sentences because the trial court failed to make the necessary findings pursuant to R.C. 2929.14(C)(4) at the sentencing hearing and in the judgment entry.

**{¶24}** "R.C. 2953.08(G)(2)(a) compels appellate courts to modify or vacate sentences if they find by clear and convincing evidence that the record does not support any relevant findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code." (Internal quotations and citation omitted.) *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 22. "In order to impose consecutive sentences, 'a trial court is required to make the findings mandated by R.C. 2929(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry * * *.'" *State v. Fazenbaker*, 9th Dist. Summit No. 29108, 2021-Ohio-3447, ¶ 28, quoting *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus. "When imposing consecutive sentences, a trial court must state the required findings as part of the sentencing hearing[; h]owever, a word-for-word recitation of the language of the statute is not required[.] [A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *State v.*

*Bennett*, 9th Dist. Summit Nos. 28842, 28843, 2018-Ohio-3935, ¶ 10, quoting *State v. Blackert*, 9th Dist. Summit Nos. 27314, 27315, 2015-Ohio-2248, ¶ 10.

{¶25} R.C. 2929.14(C)(4) provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶26} At the sentencing hearing, the trial court stated:

This Court finds in imposing consecutive sentences that consecutive sentences are necessary to protect the public, punish the offender, and are not disproportionate. The Court finds that these crimes were committed while under sanction and awaiting sentencing; two or more offense were committed in a single course of conduct; there was great harm during the course of these alleged crimes, as well as, of course, of the crimes that are underlying being sentenced, as well as pending crimes, and conduct subsequent to and during his arrest; and the Court also is aware that Mr. Long has a prior criminal history, although the Court is not fully appraised of the extent of that history.

{¶27} In the sentencing entry, the trial court indicated the following with respect to consecutive sentences: "Consecutive service is necessary to protect the public from future crime or to punish the Defendant;" "[c]onsecutive sentences are not disproportionate to the seriousness of the Defendant's conduct and to the danger which the Defendant poses to the public;" "[t]he

Defendant committed multiple offenses while awaiting trial or sentencing or while under Post-Release Control or Community control;" "[t]he harm caused by the multiple offenses was so great or so unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the Defendant's conduct;" and "[t]he Defendant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crimes by the Defendant."

{¶28} Long has not demonstrated on appeal that the trial court failed to make the required findings or that the findings were unsupported by the record. *See Bennett* at ¶ 10.

{¶29} Long's third assignment of error is overruled.

### III.

{¶30} Long's assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

TEODOSIO, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

BRETT MURNER, Attorney at Law, for Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.