[Cite as *State v. Cruse*, 2023-Ohio-2147.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.    30243 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOHN WILLIAM CRUSE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.    CR 18 0 1301 |

DECISION AND JOURNAL ENTRY

Dated: June 28, 2023

HENSAL, Presiding Judge.

**{¶1}** John William Cruse appeals an order of the Summit County Court of Common Pleas that denied his post-sentence motion to withdraw his guilty plea. This Court affirms.

I.

**{¶2}** On June 26, 2018, Mr. Cruse entered a guilty plea pursuant to *North Carolina v. Alford*, 400 U.S. 25, 38 (1971), to two charges of aggravated arson. Within hours, and before the trial court imposed sentence, Mr. Cruse indicated that he wanted to withdraw that plea, but the trial court denied the motion. The trial court sentenced him to an eight-year prison term. Mr. Cruse appealed, and this Court affirmed his convictions. *State v. Cruse*, 9th Dist. Summit No. 29140, 2019-Ohio-1223. On June 27, 2019, Mr. Cruse petitioned the trial court for postconviction relief. The trial court denied his petition without a hearing.

**{¶3}** On July 7, 2021, Mr. Cruse moved to withdraw his guilty plea under Criminal Rule 32.1, arguing that because trial counsel was ineffective, he did not enter his plea knowingly,

voluntarily, and intelligently. The trial court denied his motion. Mr. Cruse appealed, raising three assignments of error for this Court's review. His assignments of error are rearranged for ease of disposition.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN DETERMINING THAT CRUSE'S CONSTITUTIONAL CLAIM OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL WAS BARRED BY RES JUDICATA.

{¶4} Mr. Cruse's second assignment of error argues that the trial court erred by concluding that his motion to withdraw his plea was barred by res judicata. This Court does not agree.

{¶5} "A motion to withdraw a plea of guilty * * * may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." Crim.R. 32.1. Post-sentence relief under Criminal Rule 32.1 is only available in extraordinary cases characterized by "a fundamental flaw in the plea proceedings resulting in a miscarriage of justice." *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, ¶ 14. Res judicata bars the assertion of claims against a judgment of conviction in a motion under Rule 32.1 when those claims were or could have been raised on direct appeal. *Straley* at ¶ 15, 23; *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59. This Court reviews a decision to grant or deny a motion to withdraw a plea for an abuse of discretion. *See State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph two of the syllabus.

{¶6} In support of his motion to withdraw his guilty plea, Mr. Cruse argued that, as a result of trial counsel's ineffective assistance, his guilty plea was not knowing, intelligent, and voluntary. Specifically, he argued that he was pressured to plead guilty because trial counsel failed to file a motion to suppress and failed to adequately represent him during pretrial and plea

proceedings. He also suggested that trial counsel provided false and misleading information regarding his potential sentence during plea negotiations. Each of Mr. Cruse's arguments, as articulated in his motion, could have been raised on direct appeal. *See*, *e.g.*, *State v. Long*, 9th Dist. Lorain No. 21CA011804, 2022-Ohio-3096, ¶ 21; *State v. Baker*, 9th Dist. Summit No. 27937, 2016-Ohio-8026, ¶ 25. Accordingly, the trial court did not abuse its discretion by concluding that Mr. Cruse's arguments were barred by res judicata and by denying his motion to withdraw his guilty plea. Mr. Cruse's second assignment of error is overruled.

## ASSIGNMENT OF ERROR I

> THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED CRUSE'S POST-SENTENCE MOTION TO WITHDRAW GUILTY PLEA AND VACATE CONVICTION PURSUANT TO OHIO CRIMINAL RULE 32.1 WHERE CRUSE WAS DENIED HIS SIXTH AMENDMENT RIGHT TO THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL, RESULTING IN A PLEA THAT WAS NOT KNOWING, INTELLIGENT, AND VOLUNTARY.

{¶7} In his first assignment of error, Mr. Cruse argues that the trial court erred by denying his motion to withdraw his guilty plea because trial counsel was ineffective. This assignment of error reiterates the arguments made in his motion and, in light this Court's resolution of his second assignment of error, Mr. Cruse's first assignment of error is moot. *See* App.R. 12(A)(1)(c).

## ASSIGNMENT OF ERROR III

> THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED CRUSE'S MOTION TO WITHDRAW GUILTY PLEA AND VACATE CONVICTION PURSUANT TO OHIO CRIM.R. 32.1 WITHOUT HOLDING A HEARING.

{¶8} Mr. Cruse's third assignment of error is that the trial court erred by denying his motion to withdraw his guilty plea without first conducting a hearing. This Court does not agree.

**{¶9}** When a defendant moves to withdraw a plea before sentencing, the trial court must conduct a hearing in order to determine whether there is "a reasonable and legitimate basis" for the motion. *State v. Xie*, 62 Ohio St.3d 521 (1992), paragraph one of the syllabus. When a defendant moves to withdraw a plea after sentencing, however, a hearing is not required when the record demonstrates that arguments in support of the motion are barred by application of res judicata. *See State v. West*, 9th Dist. Summit No. 28668, 2017-Ohio-8474, ¶ 14.

**{¶10}** The record in this case demonstrated that Mr. Cruse's claims were barred by application of res judicata, and the trial court did not abuse its discretion by denying his motion to withdraw his guilty plea without a hearing. Mr. Cruse's third assignment of error is, therefore, overruled.

### III.

**{¶11}** Mr. Cruse's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

STEVENSON, J.
FLAGG LANZINGER, J.
CONCUR.

APPEARANCES:

JOHN WILLIAM CRUSE, pro se, Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and JACQUENETTE S. CORGAN, Assistant Prosecuting Attorney, for Appellee.